**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0335-18

KEARNY BOARD OF
EDUCATION,

    Petitioner-Appellant,

v.

HUDSON ARTS AND SCIENCE
CHARTER SCHOOL, KEARNY,
NEW JERSEY REQUEST FOR
CHARTER AMENDMENT, and
DEPARTMENT OF EDUCATION,

    Respondents-Respondents.

_____

Submitted October 18, 2021 - Decided July 14, 2022

Before Judges Messano and Accurso.

On appeal from the New Jersey Commissioner of Education.

Sciarrillo, Cornell, Merlino, McKeever & Osborne, LLC, attorneys for appellant (Dennis McKeever, of counsel and on the briefs).

Riker Danzig Scherer Hyland & Perretti, LLP, attorneys for respondent Hudson Arts and Sciences

Charter School (Stephanie Edelson, of counsel; Fiona E. Cousland, on the brief).

Matthew J. Platkin, Acting Attorney General, attorney for respondent New Jersey Department of Education, Commissioner of Education (Sookie Bae, Assistant Attorney General, of counsel; Jaclyn M. Frey, Deputy Attorney General, on the brief).

PER CURIAM

The Kearny Board of Education appeals from an August 9, 2018 decision of the Department of Education permitting the Hudson Arts and Science Charter School to amend its charter to open two new satellite locations, one in Kearny. The Kearny Board contends the decision should be reversed because Hudson Arts' application was untimely, and the amendment negatively impacts the Kearny Board's schools. We disagree the request for a charter amendment to permit the satellites was untimely, and the record lacks any evidence of its fiscal impact on the district's schools. Accordingly, we affirm.

The record in this case is very thin, but the few facts we have appear undisputed. The Department granted Hudson Arts its charter in July 2016, and it opened its first location in Kearny that year. In November 2016, Hudson Arts filed a timely request to amend its charter to increase its enrollment, see N.J.A.C. 6A:11-2.6(a)(2)(ii) (requiring amendment requests to increase

enrollment be filed by December 1 for the following academic year), and add a satellite campus in Jersey City at a location to be determined. The Department approved the amendment on February 28, 2017, permitting an increase in the maximum approved enrollment from 483 in the 2017-2018 school year to 1021 by 2019-2020 and asking the school to file the required amendment documentation when it identified the site of its Jersey City satellite. The Kearny Board did not object to Hudson Arts' increased enrollment or its Jersey City satellite nor appeal the Department's decision approving both. Its opportunity to do so has now long since passed.

A little over a year later, in March 2018, Hudson Arts sought another amendment to its charter, this one identifying its new location in Jersey City and seeking to add an additional facility in Kearny. The new Kearny campus with thirty-five classrooms, a gym and a cafeteria dwarfed the school's Jersey City satellite, which would have only eight classrooms, a cafeteria and a recreation room.

The Kearny Board objected, claiming "the request comes three months past the legal deadline of December 1 . . . for amendments that impact enrollment." It asserted Hudson Arts had already caused "the reallocation of more than 4 million dollars" from the public schools in this "seriously

3

underfunded" district, and new budget figures required it "to earmark more than 1.5 million dollars to fund" Hudson Arts' enrollment increase.  The Kearny Board further noted the Department's February 2017 approval increasing Hudson Arts' maximum enrollment contemplated a satellite site in Jersey City, which the Kearny Board claimed would have a significantly lesser impact on the Kearny schools than the newly proposed thirty-five classroom facility in Kearny.  The Kearny Board contended Hudson Arts had not been candid about its expansion plans, and it was contrary to the intent of the regulations governing charter schools "for a district of residency to be notified at the end of March that an additional facility which will increase the enrollment of local students will be opening for September."

The Department approved the amendment in August 2018, just weeks before the start of the new school year.  The Kearny Board appeals, reprising the arguments it made to the Department that the requested amendment was late, and "[t]he creation and operations" of Hudson Arts has "substantially hindered" the ability of the Kearny Board "to continue to offer quality free public education to students."  We reject both arguments as without sufficient merit to  warrant discussion in a written opinion.  See R. 2:11-3(e)(1)(E).

4

Although we can appreciate the Kearny Board's concern that the Department's approval of a new, large satellite location in the district only weeks before the start of the new school year — in light of the prior amendment permitting Hudson Arts to increase enrollment — could well have an adverse effect on the district's budget that it would be ill-prepared to address because of the late notice, there is no support for the argument that the requested amendment ran afoul of N.J.A.C. 6A:11-2.6(a)(2).[1] Only applications to increase enrollment must meet the December 1 deadline, N.J.A.C. 6A:11-2.6(a)(2)(ii); other amendments that might also affect enrollment, such as the opening of a satellite location within the district, N.J.A.C. 6A:11-2.6(a)(1)(iv), are not subject to the same time constraint. See Educ. Law Ctr. ex rel. Burke v. N.J. State Bd. of Educ., 438 N.J. Super. 108, 120-21 (App. Div. 2014).

As to the Kearny Board's assertion that the creation and operation of Hudson Arts has diminished its ability to provide a thorough and efficient education to the district's public school students, the Kearny Board did not

---

[1] Although Hudson Arts asserts a March 8, 2017 letter from the Kearny Board to the then-acting Commissioner of Education "acknowledged that a new site for [the] school's expanded enrollment might be located in Kearny," no such letter is included anywhere in the appendix.

A-0335-18

support its claim about the effect of the amendment on the district's finances with any specificity. The Kearny Board's failure to make even a preliminary showing that satisfaction of the thorough-and-efficient education requirements would be jeopardized relieved the Commissioner of any obligation to canvass "the financial condition of the district . . . in order to determine its ability to adjust to the per-pupil loss" on approval of the charter amendment. In re Grant of the Charter Sch. in re Englewood on the Palisades Charter Sch., 164 N.J. 316, 336 (2000). "[U]nsubstantiated, generalized protests" on the part of the district are insufficient. Ibid. The Commissioner thus had no obligation to address the question of fiscal harm before approving Hudson Arts' charter amendment. See In re Renewal TEAM Acad. Charter Sch., 247 N.J. 46, 78 (2021).

Finally, as to the Kearney Board's complaint that the Department did not make adequate findings in approving the charter amendment, our Supreme Court has recently reiterated that the Commissioner is not obligated "to provide the kind of formalized findings and conclusions necessary in the traditional contested case" in charter school amendment applications. In re TEAM Acad., 247 N.J. at 74 (internal quotation omitted). Because the Department's reasons for approving the amendment are readily discernable

from even the limited record before us, nothing more was required.  See In re

Red Bank Charter Sch., 367 N.J. Super. 462, 476 (App. Div. 2004).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0335-18